## Ruddy v. Pennsylvania Gas & Water Co.

*Albert H. Aston, Jerome L. Cohen,* for plaintiff.

*Rosenn, Jenkins & Greenwald,* by *Eugene Roth,* for defendant.

SCHIFFMAN, J., July 9, 1965.—The court is asked to resolve plaintiff's motion to strike certain interrogatories submitted herein by defendant.

Plaintiff instituted this action in trespass, alleging that he sustained certain injuries when his automobile was negligently struck from the rear by a truck owned by defendant corporation and operated by its agent, servant or employe.

Subsequent to the institution of the action, defendant submitted written interrogatories to plaintiff pursuant to Pennsylvania Rules of Civil Procedure 4005 and 4006. These interrogatories, 85 in number with numerous subparagraphs, have been made the subject of plaintiff's petition and rule to show cause why they should not be stricken.

Plaintiff alleges as the reasons for his request that the interrogatories violate Pa. R. C. P. 4011 in that (a) they were sought in bad faith; (b) they cause unreasonable annoyance, embarrassment, expense and are oppressive in nature; (c) they relate to privileged matter; (d) they would disclose information which plaintiff is not required to disclose; (e) they would require the making of an unreasonable investigation by plaintiff; (f) they would require plaintiff to give an expert opinion over his objection.

A reading of these objections reveals that plaintiff has recited, almost verbatim, the possible objections which might be raised to interrogatories as enumerated in Pa. R. C. P. 4011. There is no specification

with particularity as to how these objections apply to any of the interrogatories submitted by defendant.

In addition to the above alleged improprieties of defendant's interrogatories, plaintiff in his petition also recites that plaintiff has been examined by defendant's physician and is willing to submit to such further examination as might be required. Plaintiff, therefore, contends that the information sought in the interrogatories has been, or may be, supplied by such physical examinations, since most of the interrogatories relate to the physical injuries which he sustained.

Defendant's answer to plaintiff's petition avers that the nature of the relief sought, i.e., a motion to strike, is not the proper means of attacking the interrogatories propounded. In addition, defendant contends that merely because plaintiff has submitted to a physical examination, and is willing to do so again, does not deprive defendant of its right to submit interrogatories to plaintiff.

Regardless of the form of plaintiff's motion, each interrogatory should be clearly identified with the specific provision alleged of Pa. R. C. P. 4011 averred to be violated. The manner in which each interrogatory is violative of such specific provision or provisions should have been set forth in clear detail.

Within the instant circumstances, the substance and form of plaintiff's objections lacks specificity. There is no detail setting forth the matters to which exceptions are taken. The court would be justified in summarily dismissing plaintiff's blanket recital of the provisions set forth in Pa. R. C. P. 4011 as objections to the interrogatories propounded.

It appears, however, that plaintiff could properly file a motion for a protective order pursuant to Pa. R. C. P. 4012, on the basis that the interrogatories submitted violate the provisions of Pa. R. C. P. 4011. We shall, therefore, in the interests of prompt justice, consider

plaintiff's petition and rule and determine whether or not the interrogatories submitted are violative of Pa. R. C. P. 4011.

The interrogatories submitted deal principally with the medical aspects of plaintiff's damages. Several interrogatories also inquire into the nature and extent of impairment of earnings and damage to the vehicle involved. All of these items relate to claims for damages allegedly sustained by plaintiff as set forth in the complaint. All of these items are proper subjects of discovery: Zeldin v. Penn Fruit Company, 89 D. & C. 313; Basom v. Rosser, 3 D. & C. 2d 631.

Plaintiff has emphasized objection to the fact that the interrogatories are oppressive and sought in bad faith because he has already provided certain information to defendant. In this respect, plaintiff contends he has supplied defendant with medical information and reports in regard to his physical condition. Plaintiff also maintains he has submitted to an examination by a physician selected by defendant and is prepared to do so again upon request.

Defendant may well seek information respecting prior medical history and the extent and nature of plaintiff's injuries, and this is so even though plaintiff had previously submitted to an examination by defendant's doctor. That fact alone does not bar the interrogatories presently sought, nor does it indicate bad faith: Bell Tel. Co. of Pa. v. Swartz, 52 Schuyl. 168, 169.

Certain of the interrogatories apparently call for what might be a technical or medical conclusion of plaintiff, or for information which may be exclusively within the knowledge of his physician.

As to technical or medical conclusions, plaintiff is not a physician, and we are not confronted with the question of the right to solicit an expert opinion. However, within the province of the procedural rules, the

process of the courts may be invoked to interrogate plaintiff as to pertinent facts within his knowledge.

In regard to information which may exclusively be within the knowledge of his physician, plaintiff may, in response to such inquiry, indicate his personal lack of requisite knowledge.

Interrogatories 81 through 84 raise the question of relevancy. However, it is difficult to determine what evidence is relevant in advance of trial, and any doubt in that point should be decided now in favor of relevancy for the purposes sought: Prep v. Pennsylvania Turnpike Commission, 29 D. & C. 2d 665, 682. This court has specifically held that the question of relevancy raised should be determined at the time of trial: Nardell v. Scranton-Spring Brook Water Service Co. (No. 2), 24 D. & C. 2d 663; Susquehanna Anthracite, Inc. v. Glen Alden Corp., Court of Common Pleas of Luzerne County, December term, 1962, No. 11, in equity.

Our review of the interrogatories indicates they are proper subjects of inquiry. For the reasons here set forth, receipt of information therein sought is not foreclosed.

Accordingly, we enter the following

ORDER

Now, July 9, 1965, at 3 p.m., plaintiff Peter Joseph Ruddy's motion to strike defendant Pennsylvania Gas & Water Company's interrogatories is denied. The rule to show cause entered thereon is discharged. Plaintiff will answer defendant's interrogatories forthwith.